IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-70,247-01






EX PARTE LUIS ANTONIO DIAZ, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. C-3-008493-0437249-A IN THE CRIMINAL 


DISTRICT COURT NO. 3 FROM TARRANT COUNTY






 Per curiam.


O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of indecency with
a child and sentenced to twenty years' imprisonment. 

 Applicant contends that he is being denied credit for time confined in federal immigration
custody while a parole violator warrant was lodged as a detainer. On a previous remand the trial
court obtained affidavits from the Texas Department of Criminal Justice, Correctional Institutions
and Parole Divisions and entered findings of fact based on those affidavits. However, the copy of
the affidavit from the Correctional Institutions Division included in this record fails to set out the
amount of credit Applicant received for each of the periods he was confined pursuant to a parole
violator warrant. Also, there is no documentation from any of the institutions in which Applicant
was confined as to when any of those warrants was lodged as a hold or detainer showing the dates
those warrants were lodged and released.

 The trial court may use any means set out in Tex. Code Crim. Proc. Art. 11.07, § 3(d),
including ordering the office of General Counsel of the Texas Department of Criminal Justice to
obtain and submit documentation from the holding jurisdictions listing the dates those warrants were
lodged and then withdrawn as detainers.

 The trial court shall make supplemental findings of fact as to what dates Applicant was
confined pursuant to a parole violator warrant, and amount of credit for that time Applicant has
received. The trial court shall also make any other findings of fact and conclusions of law that it
deems relevant and appropriate to the disposition of Applicant's claim for habeas corpus relief.

 This application will be held in abeyance until the trial court has resolved the fact issues. The
issues shall be resolved within 90 days of this order. If any continuances are granted, a copy of the
order granting the continuance shall be sent to this Court. A supplemental transcript containing all
affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or
deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall
be returned to this Court within 120 days of the date of this order. Any extensions of time shall be
obtained from this Court. 

Filed: March 25, 2009

Do not publish